Below is an order of the court.

_____
PETER C. McKITTRICK
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: ) | |
| ) | Case No. 21-32459-pcm11 |
| MLK Bryant, LLC ) | |
| ) | ORDER CONFIRMING |
| ) | CHAPTER 11 PLAN DATED |
| ) | March 1, 2022 |
| ) | |
| Debtor-in-possession. ) | |

      This matter came before the Court after approval of Debtor's Disclosure Statement dated March 1, 2022 (the "Disclosure Statement") and a hearing was set on confirmation of the Plan dated March 1, 2022 (the "Plan"). The confirmation hearing was held on July 5, 2022. Debtor MLK Bryant, LLC, appeared by and through its Counsel, Theodore Piteo, and its owner, Meron Alemseghed. The United States Trustee appeared through its Counsel, Christian Torimino, and the Jon V. Jaqua Trust et. al. (the "Class 1 Claimant") appeared through its Counsel David Ambrose. No other parties were present.

      The Court finds that the Plan was properly transmitted to creditors and parties in interest and that two classes voted to accept the Plan, the Class 1 Claimant, subject to the below noted modifications to the Plan, and the Class 3 Claimant. No formal objections to the Plan were filed. The Court further approves

the following modifications to the Plan, as set forth below and in Docket No. 62, under Fed. R. Bankr. P. 3019(a):

1)  Debtor's loan with the Class 1 Claimant is only nonrecourse as against the Debtor, solely as to payment obligations to the Class 1 Claimant, but not as to any actions which may be taken by the Debtor which may adversely affect the MLK Property, such as, engaging in waste on the MLK Property. The Class 1 Claimant continues to hold all of its claims without impairment against the borrower or guarantors on the loan made by the Class 1 Claimant, as provided in the Class 1 Claimants loan documents.

2)  Debtor shall not be permitted to surrender the MLK Property to the Class 1 Claimant in full satisfaction of the Debt without the written consent of the Class 1 Claimant. Absent such consent, no surrender is permitted. In the event of an uncured default the automatic stay shall be immediately lifted as to the Class 1 Claimant and it may proceed with its state law remedies as against the borrower under the loan from the Class 1 Claimant or any guarantors of the loan from the Class 1 Claimant.

3)  The cure provisions in the Plan as to other claimants do not apply to the Class 1 Creditor.

4)  Notwithstanding the provisions in Article VI, Section 1, the obligations of the Debtor to make the payments to the Class 1 Claimant are not limited to the revenue generated by the business operating on the MLK Property or from the sale or refinance of the MLK Property.

5)  As to the Class 1 Claimant's Claim, Article VI, Section 8, shall not apply and the following shall apply to the payments to be made to the Class 1 Claimant: Any payment, if mailed, is to be mailed to the designated address of the attorney for the Class 1 Claimant, and must be received no later than 5:00 pm of the due date, which is the 1st of each month, or alternatively, hand delivered to the attorney's address for delivery no later than 5:00 pm of the due date, or this will be a default as to the obligations to the Class 1 Claimant.

6)  The provisions in Article VII do not apply to the payment obligations due the Class 1 Claimant. The following applies exclusively to the Class 1 Claimant: if the Debtor fails to timely make a monthly payment obligation, or fails to maintain property damage and liability insurance against the MLK Property, the Class 1 Claimant shall give written notice to the Debtor of the particular failure, and

the Debtor shall thereafter have 30 days from the respective due date (not from the date the notice of the particular failure is given to the Debtor), in which to cure the identified failure. If Debtor fails to do so, then the Class 1 Claimant shall be entitled to the immediate lifting of the automatic stay and the Class 1 Claimant may proceed with all of its state law remedies. The Class 1 Claimant is only required to provide the 30 day notice a maximum of four times. Following the giving of the fourth 30 day notice, Debtor shall not have any further cure opportunities, and any failure of the Debtor to timely make the monthly obligations or maintain property damage and liability insurance shall entitle the Class 1 Claimant to the immediate lifting of the automatic stay and the Class 1 Claimant may proceed with all of its state law remedies.

7) As to the Class 1 Claimant's Claim, interest shall run at the rate of 8% on the amount of $875,000.00 until paid, and the balance stated in the Proof of Claim of the Class 1 Claimant, in the amount of $310,443.21, shall not bear interest, until paid, subject to the following: in the event that the Debtor defaults on its obligations to the Class 1 Claimant under the Plan, default interest shall be reinstated at the rate of five percent (5%) per annum and shall run on the $875,000.00 retroactive to the Effective Date until paid (which interest is in addition to the 8% interest). The full payment of the Class 1 Claimant's Claim shall be required on the earlier to occur of either a default under the Plan by the Debtor prior to September 1, 2023, or September 1, 2023.

8) The Class 1 Claimant's Claim, as reflected in the filed Proof of Claim, is accepted as of the filing of the bankruptcy petition. The Class 1 Claimant is also entitled to be paid, in addition to any amounts noted above, upon the earlier to occur of a default by the Debtor under the Plan as to the Class 1 Claimant, or September 1, 2023, all reasonable attorney fees and costs incurred by the Class 1 Claimant.

Therefore, based on the offer of proof presented, changes outlined above, Court docket, and pleadings on file herein, the Court finds that all remaining requirements for confirmation set forth in 11 U.S.C. § 1129(a) and (b) are met.

Debtor is authorized, without any further order of the Court, to sell any or all of its real property to perform the Plan. Escrow officers are entitled to treat this Order Confirming Plan as an Order authorizing sale of the Debtor's real property and to compensate all secured lienholders from proceeds at closing.

Based on the findings made herein and on the record at the Confirmation Hearing the Court hereby ORDERS that:

1. The Debtor has satisfied all the requirements of § 1129(a) for confirmation of the Plan.
2. Subject to the changes and conditions contained in this Order, the Plan is confirmed pursuant to 11 USC §1129(b) and satisfies all the required elements of § 1129(a) and § 1129(b) as stated on the record.
3. The Debtor may sell any of its real property assets without any further order of the Court.
4. This Court shall retain jurisdiction over this Chapter 11 case in accordance with the provisions of Article IX of the Plan.

###